**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3061-21

ANTON RIGNEY, a/k/a
NICKEL RIGNEY,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 24, 2023 – Decided November 9, 2023

Before Judges Sumners and Rose.

On appeal from the New Jersey Department of Corrections.

Anton Rigney, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Andrew C. Matlack, Deputy Attorney General, on the brief).

PER CURIAM

While imprisoned at Mid-State Correctional Facility (MSCF), Anton Rigney was charged initially with committing two prohibited acts: *.256, "refusing to obey an order of any staff member," a Category B offense, N.J.A.C. 10A:4-4.1(a)(2)(xvii); and *.304, "use of abusive or obscene language to a staff member," a Category E offense, N.J.A.C. 10A:4-4.1(a)(5)(ix). The genesis of the charges was Rigney's alleged refusal to finish his kitchen work assignment and use of profanity against the officers on duty. The Disciplinary Hearing Officer (DHO) found Rigney not guilty of committing the *.256 offense, modified the *.304 charge, and found Rigney guilty of committing prohibited act *.303, "failing to perform work as instructed by a staff member," a Category E offense, N.J.A.C. 10A:4-4.1(a)(5)(viii). The sanction imposed was referral for a job change.

Rigney now appeals pro se from an April 20, 2022 final agency decision of the New Jersey Department of Corrections (DOC), upholding the DHO's adjudication and sanction. Rigney raises a single point for our consideration:

> THE FINAL DECISION OF THE [DOC] SHOULD BE VACATED BECAUSE [RIGNEY]'S DISCIPLINARY HEARING DID NOT CONFORM WITH PROCEDURAL DUE PROCESS REQUIREMENTS.

Having reviewed the record, we conclude Rigney did not receive proper notice of the modified charge and there was no basis for the modification. Accordingly, we reverse.

I.

All three charges stemmed from an incident that occurred in MSCF's kitchen on April 18, 2022, at 7:40 a.m. According to the incident report, Rigney approached Officer J. Hernandez[1] and "demand[ed] his ID . . . so that he could leave back to the unit." Hernandez elaborated:

> I ordered . . . Rigney to lower his voice and advised him to finish cleaning his work area. He started screaming[,] "Fuck you, [f]uck this, I don't need this job. I'm out, without my ID." As . . . Rigney walked away he approached [Institutional Training Instructor (ITI)] Lenard and continued to use profanity and yell.

As a result of that verbal exchange, Rigney was charged only with prohibited acts *.256 and *.304.

The disciplinary report for the *.256 charge was provided to Rigney on April 18, 2022, at 1:05 p.m.; the disciplinary report for the *.304 charge was provided on the same day at 1:15 p.m. Notably, however, on the institution's copy of the disciplinary report charging the *.304 abusive language prohibited

---

[1] The full names of DOC staff officers are not disclosed in the record.

A-3061-21

act, the charge and its description were crossed out and the *.303 prohibited act and its description were written in the space above.[2] The inmate's copy of the disciplinary report for the *.304 charge does not reflect that modification. The "Hold-in From Detail Notice," (HFDN) dated April 18, 2022, at 7:40 a.m., includes only the *.304 and *.256 charges.[3]

Pursuant to N.J.A.C. 10A:4-9.2, Rigney was entitled to twenty-four hours to prepare his defense. Rigney requested and was afforded the assistance of a counsel substitute, see N.J.A.C. 10A:4-9.12, and pled not guilty. The hearing was conducted the following day at 8:30 a.m., around nineteen hours after Rigney received the *.256 and *.304 charges. According to the disciplinary reports for both charges, Rigney did not waive the twenty-four-hour-notice requirement under the N.J.A.C. 10A:4-9.2; see also Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 94 (App. Div. 2018). Nor is there any indication in the record that Rigney asserted the DOC violated its regulation.

---

[2] From what we can discern, the original *.304 charge and description appear to be written in a darker print than the *.303 charge and description.

[3] The HFDN informs inmates they will "be held in from detail until cleared by the [Institutional Classification Committee]."

The adjudication report for the *.256 prohibited act indicates the DHO entered her not guilty finding at 8:30 a.m. In support of her decision, the DHO concluded the *.256 charge was "[r]epetitive to [*.]304."

At the hearing, the DOC submitted the HFDN, Hernandez's report, and MSCF's appointment roster. Rigney was given the opportunity to present witnesses on his behalf and confront adverse witnesses; he declined to do so. However, counsel substitute made a statement on Rigney's behalf, which is reflected in the DHO's handwritten adjudication decision.

In her decision, the DHO summarized the "evidence relied on to reach [the] decision": "[Rigney] ple[d] not guilty. [Rigney] stated that he asked the ITI for his ID to go to group, [h]owever ITI was giving [him] a hard time. ITI wanted [Rigney] to finish washing the dishes before leaving work." The DHO explained her reason for imposing the job change sanction: "Evidence taken into evidence. Leniency granted last charge for 204 [sic]."

The adjudication report for the modified *.303 charge reflects the DHO entered her guilty finding at 8:39 a.m. Under certain circumstances, a hearing officer has the authority to modify a charge:

> Whenever it becomes apparent at a disciplinary hearing that an incorrect prohibited act is cited in the disciplinary report but that the inmate may have committed another prohibited act, the Adjustment

> Committee or [DHO] shall modify the charge. <u>The inmate shall be given the option of a 24-hour postponement to prepare his or her defense against the new charge or have the new charge adjudicated at that time.</u>
>
> [N.J.A.C. 10A:4-9.16(a) (emphasis added).]

Modification of a charge thus triggers entitlement to notice and a hearing to address the newly charged infraction. There is no indication in the record the DHO afforded Rigney the option of postponing the hearing on the modified charge.

In his April 19, 2023 disciplinary appeal, Rigney essentially challenged the unfairness underpinning the DHO's decision and sanction. Rigney asserted the DHO acknowledged he "was just trying to get [his] ID to go to group, so she said she was going to refer him to classification for job change." To do so however, the DHO said Rigney must "have a guilty charge, so she found [him] guilty of a minor infraction." Maintaining the facts did not support a guilty charge, Rigney sought reconsideration of the DHO's findings, explaining: "A guilty finding affect[ed his] classification score, [his] ability to order food package [sic], and [his] record in general." Rigney did not, however, contend that he was not afforded proper notice of the charges under N.J.A.C. 10A:4-9.2 or N.J.A.C. 10A:4-9.16(a).

6

On April 20, 2022, the MSCF assistant superintendent upheld the DHO's decision. In the explanation portion of the disposition form, the assistant superintendent wrote: "Leniency already granted by DHO. Statement of the charge with facts of incident are found to have merit and support the charge as written. Appeal denied. Sanction upheld." This appeal followed.

Other than asserting a general due process argument, and noting his hearing occurred the day after the incident, Rigney does not expressly challenge the notice requirements under the governing regulations. Instead, Rigney maintains the DHO found him guilty of the "less severe" *.303 charge "so he could be assigned to a new work detail" and not because he was guilty of "'failing to perform work as instructed by a staff member.'" N.J.A.C. 10A:4-4.1(a)(5)(viii). Rigney urges us to reverse the DOC's decision, vacate the guilty finding, restore his good time credit, and terminate any remaining sanctions.

In its responding brief, the DOC contends: "Rigney was charged with committing prohibited acts *.303, *.304, and *.256," and "[o]n April 18, 2022, a [c]orrections [s]ergeant served the charge on Rigney, . . . and referred the charge to a hearing office for further action." (Emphasis added). Noting the *.303 charge was the subject of the hearing, and the *.304 and *.256 charges "were dismissed," the DOC suggests the *.303 charge was delivered to Rigney

the day before the hearing. Asserting "Rigney received all the process he was due," the DOC neither addresses the notice requirement under N.J.A.C. 10A:4-9.2 nor N.J.A.C. 10A:4-9.16(a).

II.

We acknowledge the limited scope of our review. Malacow, 457 N.J. Super. at 93; see also In re Stallworth, 208 N.J. 182, 194 (2011). We have long recognized "[p]risons are dangerous places, and the courts must afford appropriate deference and flexibility to administrators trying to manage this volatile environment." Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 584 (App. Div. 1999). A reviewing court "may not substitute its own judgment for the agency's, even though the court might have reached a different result." In re Stallworth, 208 N.J. at 194 (2011) (quoting In re Carter, 191 N.J. 474, 483 (2007)). "We will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" Blanchard v. N.J. Dep't. of Corr., 461 N.J. Super. 231, 237-38 (App. Div. 2019) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

Prison disciplinary hearings are "not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not

apply." Avant v. Clifford, 67 N.J. 496, 522 (1975) (quoting Morrissey v. Brewer, 408 U.S. 471, 480 (1972)). However, an inmate is entitled to: written notice of the charges "at least twenty-four hours prior to the hearing, so the inmate can prepare a defense"; an impartial tribunal; a limited right to call witnesses and present documentary evidence; a limited right to confront and cross-examine adverse witnesses; a right to a written statement of the evidence relied upon and the reasons for the sanctions imposed; and, where the charges are complex, the inmate is permitted the assistance of counsel substitute. Id. at 523-30.

When reviewing a determination of the DOC in a matter involving prisoner discipline, we consider not only whether there is substantial evidence that the inmate committed the prohibited act, but also whether, in making its decision, the DOC followed regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-96 (1995). Thus, our review is not "perfunctory," nor is "our function . . . merely [to] rubberstamp an agency's decision." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010). Instead, we "engage in 'a careful and principled consideration of the agency record and findings.'" Ibid. (quoting Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000)). An agency's "interpretation of the

law and the legal consequences that flow from established facts are not entitled to any special deference."  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

To perform our function, the agency must provide a reasonable record and statement of its findings.  Blyther v. N.J. Dep't of Corr., 322 N.J. Super. 56, 63 (App. Div. 1999).  "No matter how great a deference we must accord the administrative determination, we have no capacity to review the issues at all 'unless there is some kind of reasonable factual record developed by the administrative agency and the agency has stated its reasons' with particularity."  Ibid. (quoting In re Issuance of a Permit, 120 N.J. 164, 173 (1990)).

The circumstances surrounding the change in Rigney's charge from *.304 to *.303 are unclear.  Although both charges may have arisen out of the same incident, they are dissimilar Category E offenses.  Thus, neither could be considered a lesser-included charge of the other.  Conversely, the *.303 offense could be considered a lesser-include offense of the *.256 Category B offense because they share the same elements, i.e., failing to follow a staff member's orders.  Crucially, however, the DHO found Rigney not guilty of the *.256 charge, and the adjudication report for that offense does not reflect that the charge was amended to include the *.303 prohibited act.

A-3061-21

We recognize the hearing officer's authority to modify the charge pursuant to N.J.A.C. 10A:4-9.16(a). She could do so, however, only if Rigney were given the option of twenty-four hours to prepare to defend the new charge or waived his right to that timeframe. See ibid.; see also Malacow, 457 N.J. Super at 94. Although counsel substitute can waive that notice period on behalf of an inmate, there is no indication in the record that was done here.

Moreover, it is unclear from the record when the disposition form was revised to reflect the *.303 modified charge. We cannot discern whether the charge was modified before the hearing commenced or, as Rigney argues, when the DHO imposed the sanction to effectuate his job change. Ordinarily, we might reverse and remand for a new hearing to afford Rigney the opportunity to defend against the modified charge. However, we are hard pressed to understand how the DHO could have found Rigney not guilty of disobeying a staff member's order under *.256, yet guilty of "failing to perform work as instructed by a staff member" as modified from the *.304 charge, "use of abusive or obscene language to a staff member," another Category E offense, which does not share the same elements. On this record, it therefore appears the DHO's guilty finding was premised on the reason for the sanction imposed: to refer Rigney for a job

change.  Although well-intentioned, the DHO's decision cannot stand in view of the procedural and substantive deficiencies.

We therefore reverse the DOC's final decision and vacate the guilty finding on the *.303 charge and related sanction against Rigney.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION